82-14 60th Road
Middle Village, New York 11379
718 898-7077
alangiordani@gmail.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
Chambers Hon. Judge Ann M. Donnelly
225 Cadman Plaza East
Brooklyn New York, 11201

April 26, 2022

Re: Giordani v. U.S. Department of Justice et al 1:22-cv-00642-AMD-LB

Dear Hon. Judge Donnelly,

Pursuant to your Honor's individual practices and rules, I respectfully request this Court to expand and enlarge its scheduling order dated April 7, 2022 to include the opportunity to move this Court to reverse its February 14, 2022 sua sponte dismissal of the three governmental entities, which I believe was entirely premature, and instead schedule the required preliminary consolidated hearing originally sought, so that government entities, all served in February can conduct their initial examinations, and thereafter, this court should entertain whether there are outstanding issues of Law or fact.

I am in receipt of a letter and appearance from the U.S. Department of Justice dated April 15, 2022 and received April 25, 2022 that describes my papers as a "sprawling" action that appears to arise out of a dispute between Plaintiff and his siblings over Plaintiff's mother's estate, but has failed to recognize that this dispute is actually derived from the prior efforts from 1997 to 2002 to protect her legal rights, and thereafter upon the calculation to at some future point to advance a civil rights case on her behalf, or on behalf of her estate, which planning was then impeded, and frustrated by intervening interlopers, that included the draftsman and my brother Paul.

Likewise, it has not been asserted that the effort to bring a Bivens claim was contended with respect to any failure by D.O.J. to investigate an underlying Estate dispute, but instead that the failure underlying failure of S.D.N.Y., to upload or otherwise transfer the Court file from the

500 Pearl Street location of S.D.N.Y., Intake or District Court location across to the Second Circuit at 40 Foley Square, for a formal review is what prejudiced the appeal of the 2018 sua sponte dismissal. The inability of the Appellate Court to conduct its review of my brief and remand it accordingly for further relief caused an additional delay in this matter and which accounts for its long convoluted history and its sprawling nature. The fact that it had been drafted and was ready for review includes Berman's office failure to formally appear or otherwise maintain the oversight of the District Court as the Second Circuit assignment to him appears to implicate after the initial July 2018 filing of the subject Notice of Appeal. There is no reason for the D.O.J., to assert any belief that I am current attempting to assert the Fourteenth Amendment against the Federal government has no basis in the papers submitted and appears that a mere perusal of the sprawling papers has resulted in a less that complete understanding. Instead, these, previously submitted papers contain sufficient clarity and expression of a Monell claim against New York State and City for years of willful blindness. A matter that contains these twists and turns over an extended period of time should be expected to read like a Dickens novel.

The matter now before this Court, requires such a formal preliminary hearing as a condition precedent to clarify and otherwise amplify the record accordingly, and to acquire the jurisdiction that the D.O.J., within its current papers decries to be lacking. Such a preliminary hearing is obviously necessary to negate any "confusion" that this or any other litigant may otherwise claim, and which is necessary in developing a sufficient record in the event another appeal attempt is required and further needed from a premature sua sponte dismissal. It is required in the interest of justice and a need for substantive due process. A significant underlying record has already been incorporated into supporting this case and to the extent testimony is required for further understanding, this undersigned is ready and willing to provide it in a timely manner. To the extent that any party appears disturbed by the size or complexity is beyond the control of the nature of the case asserted, and the refusal to read every page may account for the apparent gap or misunderstanding of the case.

Additionally, I request the opportunity to move this Court now or upon completion of the preliminary hearing requested, in order to amend the caption to read as to read "ALAN GIORDANI as proposed executor of the Estate of Nancy Giordani, and ALAN GIORDANI, individually;" (especially to the extent that the Surrogate has by that time not issued any formal Letters Testamentary, currently pending in June) and further to file an amended complaint, to the extent greater amplification and clarity in the pleadings are required and otherwise demonstrated through the course of a consolidated preliminary hearing as a condition precedent.

In as much as the Department of Justice is the only respondent to appear, in spite of service upon New York State and New York City, it would appear that this failure may be in

some form of reliance of the District Court's February 14, memo, that appears to have left this litigation in a disjointed posture.

I further request the opportunity to move this District Court for default motion(s) against the following named and captioned defendants; The Law Offices of John T. Landers, (served February 7, 2022; Horwin Realty, (N.Y.S. Secretary of State service on February 8, 2022) and Paul Giordani, (served in Nevada on February 24, 2022). To date, each has failed to appear or answer in a timely manner or pursuant to statute. It is unknown whether this Courts February 14, 2022 dismissal also signaled to them, that they did not need to appear or answer. I believe some form of clarifying order or directive may be appropriate in order to proceed without causing prejudice to any party or further delay including another time consuming appeal.

It is my position in this litigation that Ann Landers, Esq., and Thomas Mahoney Esq., both practiced law with the late John T. Landers and each participated in the July 31, 2022 subject transaction, and/or its concealment of the subject instrument thereafter. Both appear to continue their legal operations to date and appear to conduct business under the John T. Landers trade name, as revealed by the March 12, 2022 photograph that was previously provided to this Court, in spite of his 2012 death.

Furthermore, I ask that this letter memorialize the fact that after an initial attempt to serve process on Paul Giordani was unsuccessful, I asked Greenfield, Stein and Senior, LLP to accept this process on their client's behalf, as his New York counsel, but Angelo Grasso, Esq., refused to accept this service. The subsequent attempted service on Paul in Nevada was thereafter successful on February 24, 2022.

It should be further noted that mailings done at the end of February were sent to Paul Giordani in Nevada as well as to John T. Landers Law Office, and were not returned to this undersigned as undeliverable. Each defendant is both jointly and severally liable for injuries and damages from their resulting participation and causal injuries, that impeded necessary Estate Planning, comprising the protection of the legal rights owed to the of the decedent and her lawful beneficiaries including the civil rights claims raised within.

Furthermore, I ask that this communication reflect that Mr. Grasso's letter to this Court dated April 6, 2022 indicates that he has been advised and appears to understand that his firm was served in this matter in its capacity as Paul's New York attorneys, as directed by this Court on February 4, 2022. In as much as his firm was not captioned as defendants, and the damages and injuries asserted are prior to Greenfield, Stein's initial appearance, the motion practice scheduled for May 9, 2022 appears entirely superfluous, as Mr. Grasso appears to be representing Paul Giordani, only in some limited form or manner before the Surrogate. However, in his assertion that I made a "baseless claim" that he appears to have an "undisclosed agency," it should be noted that the basis was in fact his demand in February that

I withdraw or discontinue this pending matter against Paul and Landers Office, as well as his apparent failure from 2018 at the inception of his firms representation that appears to have failed to secure the cover sheet of John T. Landers Law Office's Insurance Liability policy, and/or for the ultimate turnover of proceeds from such a policy, which the undersigned believes appears to be duplicitous behavior from, GS&S. acting in concert with Landers.

This Court should be further mindful that within the parallel Surrogates matter I have raised the issue that Fulton v City of Philadelphia, 593 U.S.___(2021), has resulted in a reexamination of the Federal Court's standards of review, and which has expanded free exercise jurisprudence, which this undersigned asserts must include the treatment of the 2009 and 2010 notes, as protected religious expressions, and which should super-cede the New York State Law, that would otherwise be inclined to suppress them. Strict scrutiny requires further review of this matter, including recognizing that the Testatrix was a member of a protected suspect class. It appears that this matter may now be a case of first impression.

Very truly yours,

*[signature: Alan Giordani]*

Alan Giordani

To

U.S. DEPARTMENT OF JUSTICE
U,S. Attorney Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201
Attn: Philip R. DePaul

N.Y.S. ATTORNEY GENERAL
28 Liberty Street
New York, N.Y. 10005
Attn: Managing Attorney

CITY OF NEW YORK
CORPORATION COUNSEL
100 Church Street
New York, N.Y. 10007

GREENFIELD STEIN & SENIOR LLP
Attorneys for Paul Giordani
Attn: Angelo Grasso Esq.
600 Third Avenue
New York, N.Y. 10018

PAUL GIORDANI
1442 Bronco Road
Boulder City, Nevada 89005

LAW OFFICES OF JOHN T. LANDERS
62-87 Woodhaven Boulevard
Rego Park, N.Y. 11374
Attn: Anne T. Landers, Esq. and Thomas P.L. Mahoney Esq.